UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

      Applicant

  v.

                              No.

UPMC PRESBYTERIAN SHADYSIDE,

      Respondent

## APPLICATION FOR SUMMARY ORDER
## ENFORCING SUBPOENA DUCES TECUM No. B-720565

The National Labor Relations Board (the "Board"), an administrative agency of the Federal Government, respectfully applies to this Honorable Court, pursuant to Section 11(2) of the National Labor Relations Act, as amended (29 U.S.C. §151, et seq.) (the "Act"), for an Order enforcing Subpoena Duces Tecum No. B-720565, issued by the Board upon UPMC Presbyterian Shadyside ("Respondent"), and duly served on this entity in the manner provided by law.  Despite the issuance of the subpoena duces tecum, and an administrative law judge's ruling requiring production of the vast majority of subpoenaed documents, Respondent has failed to comply with the subpoena.  In support of this application, the Board states as follows:

      1.    The Board is an administrative agency of the United States Government created by the Act, and is empowered and directed to administer provisions of the Act, including the issuance of subpoenas for evidence that relates to any matter in question.

2. This Court has jurisdiction over the subject matter of the proceeding, and over Respondent, by virtue of Section 11(2) of the Act [29 U.S.C. §161 (2)].[1] The subpoena was issued within this judicial district and Respondent is a non-profit Pennsylvania corporation which is headquartered and conducts its business within this judicial district. In addition, the unfair labor practice charges concerning which Respondent was subpoenaed to produce documents were filed within this judicial district.

3. This application arises as a result of events alleged in unfair labor practice charges which were found to have merit and are currently being tried before an administrative law judge of the Board in Region Six of the Board.

On September 30, 2013, the Regional Director of Region Six of the Board issued an Order Consolidating Cases and a Consolidated Complaint and Notice of Hearing ("Consolidated Complaint") against Respondent. The Consolidated Complaint alleged numerous violations of Sections 8(a)(1), (3) and (4) of the Act, which arose in the context of a union organizing campaign that SEIU Healthcare Pennsylvania, CTW, CLC, is conducting among Respondent's employees.

Thereafter, on January 9, 2014, a Second Order Further Consolidating Cases and Amended Consolidated Complaint ("Amended Consolidated Complaint) in these matters issued. The consolidation added two additional cases beyond those that

---

[1] Section 11(2) of the Act states, in pertinent part: "In cases of contumacy or refusal to obey a subpoena issued to any person, any United States district court . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, . . . and any failure to obey such order of the court may be punished by said court as a contempt thereof."

2

appeared in the Consolidated Complaint, and added allegations that Respondent is a single employer with UPMC.  A copy of the Amended Consolidated Complaint is attached hereto as Exhibit A.  The Amended Consolidated Complaint was prepared, filed and served consistent with the requirements of Section 10(b) of the Act and of 29 C.F.R. §102.15 of the Board's Rules and Regulations.[2]

4. Pursuant to the authority derived from Section 11(1) of the Act, which authorizes the issuance of subpoenas for evidence that relates to any matter in question, the Regional Director for Region Six issued a subpoena duces tecum upon Respondent.[3]

5. Specifically, on January 14, 2014, the Regional Director for Region Six issued Subpoena Duces Tecum No. B-720565, directing the Custodian of Records of Respondent to appear before an administrative law judge of the National Labor Relations Board on February 3, 2014, and to produce certain books, records, correspondence and documents.  The issuance of this subpoena is consistent with the requirements of Section 11(1) of the Act and Section 102.31(a) of the Board's Rules and Regulations.  The subpoena was served on Respondent by certified mail, as

---

[2] These Rules and Regulations have been issued pursuant to Section 6 of the Act (29 U.S.C. §156) and have been published in the Federal Register (24 F.R. §9095), pursuant to the Administrative Procedure Act (5 U.S.C. §552).  This court may take judicial notice of the Board's Rules and Regulations under 44 U.S.C. §1507.

[3] Section 11(1) of the Act provides in pertinent part:  "The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or question.  The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. . . ."

3

provided for in Section 11(4) of the Act and Section 102.113 of the Board's Rules and Regulations. Copies of the subpoena, and the USPS notice of delivery, are attached as Exhibits B and C, respectively.

6. On or about January 23, 2014, Respondent filed a petition to revoke Subpoena Duces Tecum No. B-720565, as provided by Section 11(1) of the Act and Section 102.31(b) of the Board's Rules and Regulations. The petition to revoke Subpoena Duces Tecum No. B-720565 is attached hereto as Exhibit D. Counsel for the General Counsel filed an Opposition to the Petition to Revoke on January 28, 2014. The Opposition is attached hereto as Exhibit F.

7. Respondent's petition to revoke was duly considered by Administrative Law Judge Mark Carissimi, who has been assigned to the hearing in the unfair labor practice proceeding. Administrative Law Judge Carissimi made his ruling on February 24, 2014, on the record during said hearing. Administrative Law Judge Carissimi denied Respondent's petition to revoke the subpoena with respect to all paragraphs of the subpoena except paragraph 35, ordering Respondent to produce records requested by the remaining paragraphs of the subpoena.[4]

8. By electronic mail message dated February 27, 2014, to Counsels for the General Counsel, Counsel for Respondent asserted that, notwithstanding Administrative Law Judge Carissimi's ruling, it did not intend to comply with Subpoena Duces Tecum No. B-720565. The electronic mail message is attached as Exhibit E.

9. Following issuance of Subpoena Duces Tecum No. B-720565, Respondent and UPMC filed a Motion to Dismiss with the Board, requesting that the

---

[4] That portion of the transcript of the hearing containing the Administrative Law Judge Carissimi's ruling is attached hereto as Exhibit G.

4

Board dismiss the amendments to the Consolidated Complaint reflecting the "single employer" allegations which are included in the Amended Consolidated Complaint. In addition, Respondent and UPMC moved that UPMC be dismissed as a party to the unfair labor practice case. Respondent argued that it had been denied due process, that the amendments were time-barred, and that the single employer allegations do not advance the purposes of the Act.[5]

On February 7, 2014, the Board issued an Order Denying Motion, which in its entirety reads: "The Respondents'[6] Motion to Dismiss Amendments to the consolidated complaint is denied. The Respondents have failed to establish that the amendments are improper and that they are entitled to judgment as a matter of law."[7]

10. Respondent has failed to produce any documents pursuant to Subpoena Duces Tecum No. B-720565.

11. By this conduct, Respondent has flouted the law by failing to obey a validly issued subpoena requiring the production of relevant documents. Respondent's failure to produce the subpoenaed documents, which are relevant to the issues in the proceeding before the Board, constitutes contumacious conduct within the meaning of Section 11(2) of the Act. Furthermore, Respondent's conduct has impeded and continues to impede the unfair labor practice proceeding before the Board at the

---

[5] The Motion to Dismiss is attached as Exhibit H. Counsel for the General Counsel filed an opposition to the motion, which is attached as Exhibit I.

[6] "Respondents'" in the Board's Order refers to Respondent herein and UPMC collectively.

[7] A copy of the Board's Order is attached hereto as Exhibit J.

expense of the alleged discriminatees as well as the taxpayers, and is preventing the Board from carrying out its duties and functions under the Act.

12. As noted previously, Section 11(2) of the Act specifically authorizes the Board to make an "application" to the district court for a summary disposition of the Board's application to enforce the Board's subpoenas. The Board's application is a dispositive matter, not a pre-trial civil discovery matter in district court. "It is significant that the statute calls for an 'application' rather than a petition, an 'order' rather than a judgment and that it details no other procedural steps." Goodyear Tire & Rubber Co. v. NLRB, 122 F. 2d 450, 451 (6th Cir. 1941).

**WHEREFORE,** in view of Respondent's contumacious conduct, the Board respectfully prays that this Court enter an order forthwith:

1. Directing Respondent to produce all documents (as defined in Subpoena Duces Tecum No. B-720565) of every paragraph of Subpoena B-720565, with the exception of paragraph 35, as requested by Suzanne Donsky and Julie Stern, Counsels for the General Counsel, immediately.

2. Granting the Board such other and further relief as may be necessary and appropriate.

No previous application has been made for the relief sought herein.

                    Respectfully submitted,

                    <u>s/ Julie R. Stern</u>

                    Julie R. Stern
                    Counsel for the General Counsel
                    Region 6, National Labor Relations Board
                    1000 Liberty Avenue Room 904
                    Pittsburgh, Pennsylvania 15222
                    Tel: 412-395-6896
                    Fax: 412-395-5986
                    E-mail: julie.stern@nlrb.gov
                    PA Attorney ID 47833

Dated at Pittsburgh, Pennsylvania

This 20th day of March, 2014