IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS
BOARD,

      Petitioner,

v.

UPMC PRESBYTERIAN
SHADYSIDE,

      Respondent.

14mc00109

**ELECTRONICALLY FILED**

---

NATIONAL LABOR RELATIONS
BOARD,

      Petitioner,

v.

UPMC,

      Respondent.

14mc00110

**ELECTRONICALLY FILED**

---

NATIONAL LABOR RELATIONS
BOARD,

      Petitioner,

v.

UPMC,

      Respondent.

14mc00111

**ELECTRONICALLY FILED**

**Supplement/Amendment to Memorandum Opinion at doc. nos. 24 and 25**

\* \* \*

IV.   **Standard of Review**[6]

SO ORDERED this 26th day of August, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[6] As the Court set forth above, the NLRB's functions include "its investigatory function and enforcer of federal labor law." As further detailed above, the history of the current matter through various stages, included the filing of unfair labor practices, the investigation, the filing by the NLRB of a complaint and amended complaint, the issuance of the three Subpoenas currently in dispute, the proceedings before the Administrative Law Judge, and his rulings on UPMC's challenges to said Subpoenas. Thus, the NLRB proceeding has advanced from an administrative investigation to an administrative litigation/trial proceeding. However, the case law and applicable legal standards involving enforcement of subpoenas, whether issued pursuant to an administrative investigation or in the context of an administrative litigation/trial proceeding, are instructive and applicable. In fact, the briefing by both the NLRB and UPMC includes citations to the enforcement of subpoenas, whether they be in an investigatory or litigation/trial posture, interchangeably, see doc. nos. 2, 14, and 22, consistent with the language of § 161(2), which states this Court shall have jurisdiction "to issue to such a person an order requiring such person to appear before the Board . . . to produce evidence if so ordered . . . touching the matter under investigation or in question." 29 U.S.C. § 161(2).