IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>   Petitioner,<br><br>   v.<br><br>UPMC PRESBYTERIAN SHADYSIDE,<br><br>   Respondent. | 14mc00109<br>**ELECTRONICALLY FILED** |

---

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>   Petitioner,<br><br>   v.<br><br>UPMC,<br><br>   Respondent. | 14mc00110<br>**ELECTRONICALLY FILED** |

---

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>   Petitioner,<br><br>   v.<br><br>UPMC,<br><br>   Respondent. | 14mc00111<br>**ELECTRONICALLY FILED** |

**Order on Motion(s) for Reconsideration**

Pending before this Court are UPMC's Motions for Reconsideration of this Court's prior Order(s) granting the National Labor Relations Board's three (3) Applications/Motions to Enforce Subpoena Duces Tecum (doc. no. 29 at 14-mc-00109, doc. no. 28 at 14-mc-00110, doc. no. 30 at 14-mc-00111).

In this Court's prior Opinion(s), it expressed concern "that the scope and nature of the requests, coupled with the NLRB's efforts to obtain said documents for, and on behalf of, the SEIU, arguably moves the NLRB from its investigatory function and enforcer of federal labor law, to serving as the litigation arm of the Union, and a co-participant in the ongoing organization effort of the Union." Doc. No. 27 at 14-mc-00109, see also fn. 6; Doc. No. 26 at 14-mc-00110, see also fn. 6; and Doc. No. 27 at 14-mc-00111. This Court concluded that based upon the current record and the applicable "test" (whether the NLRB inquiry is relevant to a legitimate purpose and is unreasonably broad and burdensome), the Court would deny the three (3) applications. Nonetheless, the Court found that its role in determining whether to enforce an agency subpoena is substantially limited by the recent rulings of the United States Court of Appeals for the Third Circuit (*EEOC v. Kronos Inc.*, 620 F.3d 287 (3d Cir. 2010) (*Kronos I*); *EEOC v. Kronos Inc.*, 694 F.2d 351 (3d Cir. 2012) (*Kronos II*)) and other precedents of the United States Court of Appeals for the Third Circuit. The Court ultimately was constrained to enforce the administrative subpoenas, but stayed the enforcement thereof, pending any appeal to the United States Court of Appeals for the Third Circuit.

In UPMC's current Motion(s) for Reconsideration, UPMC places before this Court substantial evidence relating to the Court's prior concern that the NLRB is acting as the "litigation arm" of the Union. However, in the introductory lines of its Response, the NLRB again seeks to drive home the following point: "[A]buse of the Board's administrative processes is

not a question for a district court's consideration in a summary enforcement proceeding. Rather, the relevant question is whether the court's processes would be abused if the subpoena were to be enforced." Doc. No. 31 at 2 (14-mc-00109); Doc. No. 30 at 2 (14-mc-00110); Doc. No. 32 at 2 (14-mc-00111).

Therefore, under the NLRB's rubric that "abuse of this Board's administrative process is not a question for a district court's consideration" (doc. no. 31 at 2 (14-mc-109); doc. no. 30 at 2. (14-mc-00110) and doc. no. 32 at 2 (14-mc-00111), and under what appear to be the very limited role of the district court in these subpoena enforcement proceedings under current precedents, this Court lacks authority to conduct a meaningful review of the subpoena enforcement requests and to investigate these serious allegations, essentially leaving UPMC without a judicial remedy under the law.[1] For these reasons, this Court is constrained to deny UPMC's Motion(s) for Reconsideration.

Accordingly, this 27th day of October, 2014, it is HEREBY ORDERED that the Motion(s) for Reconsideration are DENIED (doc. no. 29 at 14-mc-00109, doc. no. 28 at 14-mc-00110, doc. no. 30 at 14-mc-00111).

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[1] The NLRB contends, "[W]hen allegations are made that the Board's processes are being abused, the Board defends the integrity of its administrative process and will, in *its own proceedings*, address such allegations." See Doc. No. 31, at fn. 12 (emphasis in original) (14-mc-00109); Doc. No. 30, at fn. 12 (14-mc-00110); Doc. No. 32, at fn. 12 (14-mc-00111). Therefore, UPMC is confined to a circular course whereby UPMC's only remedy relating to an alleged abuse of the subpoena process is confined to a resolution through the NLRB's *own* process.